UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 91-10176-RWZ

UNITED STATES OF AMERICA

v.

GERARDO DELGADO-MUNOZ

ORDER
February 26, 2009

ZOBEL, D.J.

On June 29, 1992, defendant, Gerardo Delgado-Muniz, was sentenced to a term of imprisonment of 360 months, the low end of the then relevant and largely mandatory guideline range, for conspiring to distribute and distributing about 900 grams of crack cocaine. Recent amendments to the guideline for crack cocaine offenses yield a sentencing range of 292 to 365 months imprisonment. Since these amendments may be applied retroactively, defendant has moved for a reduction of his sentence pursuant to the underlying statutory authority, 18 U.S.C. § 3582 (c)(2). The parties agree that defendant is entitled to a reduction of his sentence to 292 months, but defendant argues for a further reduction to 240 months on the ground that the Supreme Court upheld the constitutionality of the guidelines by ruling that they are advisory only. Thus, says defendant, the court may, on re-sentencing, consider the factors set out in 18 U.S.C. § 3553 and sentence below the range properly calculated. The difficulty with the argument is that the vast majority of the circuits have held that the amendment that

reduced the range does not authorize further reductions that were not available at the time of the original sentence.  United States v. Cunningham, --- F.3d ---, Nos. 08-2901, 08-2931, 2009 WL 249886, at *6 (7th Cir. Feb. 4, 2009); United States v. Melvin, --- F.3d ---, No. 08-13497, 2009 WL 236053, at *5 (11th Cir. Feb. 3, 2009); United States v. Starks, 551 F.3d 839, 842-43 (8th Cir. 2009); United States v. Dunphy, 551 F.3d 247, 257 (4th Cir. 2009); United States v. Rhodes, 549 F.3d 833, 841 (10th Cir. 2008); but see United States v. Hicks, 472 F.3d 1167, 1172-73 (9th Cir. 2007).

Accordingly, the motion to reduce the sentence is allowed, and it is ordered that defendant be and he hereby is sentenced to a term of imprisonment of 292 months with credit for all the time he has served on his original sentence.  He shall further serve a period of supervised release of ten years with the same conditions imposed in the original judgment.

    February 26, 2009                         /s/Rya W. Zobel
           DATE                                  RYA W. ZOBEL
                                                  UNITED STATES DISTRICT JUDGE